IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No: 5:13-cv-590-BO

| | |
|---|---|
| ALSCRIPTS HEALTHCARE, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ETRANSMEDIA TECHNOLOGY, INC., ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court on the plaintiff's motion for temporary restraining order and preliminary injunction [DE 1]. Also pending before the Court is the plaintiff's motion to file and retain under seal exhibits submitted in support of verified complaint [DE 24]. A hearing on this matter was held in Elizabeth City, North Carolina on August 27, 2013 at 2:30 p.m. For the following reasons, the plaintiff's motion for temporary restraining order and preliminary injunction is DENIED and the plaintiff's motion to file exhibits under seal is GRANTED.

BACKGROUND

Plaintiff is a healthcare IT company that develops software for use by health care providers. One of these products is called Allscripts MyWay. Defendant is a retailer that sells the plaintiff's software products to health care providers. In the course of purchasing and implementing such software solutions, health care providers transmit certain data, including patient information, to the defendant. One of the main challenges of providing these software solutions to health care providers is ensuring that the software is compliant with current government healthcare regulations. As counsel related at the hearing, a new wave of regulatory

requirements will come into effect in October, 2014. Plaintiff has asserted that it will not update the MyWay program to come into compliance with new regulations. As such, customers currently using the MyWay software will be required to purchase new software or risk being non-compliant with government regulations. In order to transition to new software health care providers need the patient data, currently housed on Etransmedia's servers, in a format that is compatible with the provider's newly purchased software. Plaintiff has alleged that defendant has either refused to provide such compatible data to the health care providers or has impeded the recovery of that data. The defendant has alleged that it will provide patient data, in a compatible format, to the health care providers, but it takes 8-12 weeks to transmit that data, health care providers will be charged for the service, and other conditions may apply to the transfer of compatible data.

Although the underlying dispute between the parties is subject to arbitration, the plaintiff has requested immediate injunctive relief in this Court. This matter was originally filed in Wake County Superior Court and was removed to this Court on August 16, 2013. The plaintiff's state court complaint included a motion for temporary restraining order and preliminary injunction, which was still pending when this matter was removed to federal court. This Court now considers the plaintiff's motion for injunctive relief.

## DISCUSSION

I. PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION.

The Fourth Circuit's current standard for the issuance of a preliminary injunction is whether the plaintiff is able to make a clear showing "that [it] is likely to succeed on the merit, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *The Real Truth*

2

Case 5:13-cv-00590-BO   Document 30   Filed 08/28/13   Page 2 of 5

*About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)), *vacated on other grounds*, --- U.S. ---, 130 S.Ct. 2371 (2010) (memorandum opinion). As this Court has previously noted, *General Parts Distribution, LLC v. Perry*, 907 F.Supp.2d 690 (E.D.N.C. 2012), the Fourth Circuit's opinion in *The Real Truth About Obama* altered the longstanding "balance-of-the-hardships" test and created a stricter standard that requires plaintiffs to make a clear showing of irreparable harm and that they will succeed on the merits. *See Blackwelder Furniture Co. of Statesville v. Seilig Manufacturing Co.*, 550 F.2d 189 (4th Cir. 1977) (articulating the old standard).

Here, the plaintiff has failed to show that it is likely to succeed on the merits of its complaint and it has failed to show it will suffer irreparable harm in the absence of preliminary relief. Specifically, the plaintiff argued to the Court that it needs immediate relief in order to ensure that the users of its software will be able to upgrade in time to come into compliance with the new regulations that are anticipated to come into effect in October, 2014. First, the Court has serious concerns about whether the plaintiff even has standing to raise concerns about such harm that directly affects that plaintiff's users, but apparently only affects the plaintiff indirectly. Second, the plaintiff represented to the Court that such harm arose from a "time crunch" created by the new regulations that will become effective in October, 2014 – giving health providers a year to implement a new software solution and otherwise come into compliance. At the hearing, the defendant stated that data transmission only takes 8-12 weeks once a customer files a request for release of that data. Therefore, there appears to be sufficient time for the providers to receive the data from defendant and transition to a new software solution and the plaintiff has failed to show that there is a risk of irreparable harm if the data is not immediately transmitted to the providers. As such, the plaintiff has failed to establish that it is entitled to preliminary injunctive

relief. As the parties are proceeding to arbitration, that will be the appropriate forum in which to seek relief.

## II. PLAINTIFF'S MOTION TO SEAL EXHIBITS.

The materials plaintiff seeks to have sealed contain confidential commercial information and trade secrets including information related to plaintiff's pricing information and other confidential financial data and technical information related to plaintiff's proprietary medical software solutions, as well as confidential communications with plaintiff's customers and communications between the parties attempting to resolve this dispute. The documents are subject to reciprocal contractual obligations of confidentiality among the parties and non-parties, and they concern the provision of medical records software, which is used to serve patients throughout North Carolina and the United States.

The Court finds that the confidential and proprietary information in the Exhibits is sufficiently broad, pervasive and inextricably intertwined with less sensitive information to preclude redaction, removal of pages or portions thereof, or other procedures to preserve the confidentiality of the documents short of sealing them. The Court finds that the justification for sealing these exhibits outweighs the public interest in access to public court proceedings, particularly because the documents concern, in part, the provision of confidential patient medical records through various healthcare software solutions, and the sealing of these exhibits would not harm the public's general understanding of these proceedings.

4

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for temporary restraining order and preliminary injunction is DENIED and the plaintiff's motion to seal exhibits is GRANTED

SO ORDERED.

This the 28 day of August, 2013.

      Terrence W. Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE